**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

October 7, 2011

<u>**VIA ECF**</u>
The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Lowenbein v. Berman**
          **11 CV 1293 (DLI) (ALC)**

Dear Judge Irizarry:

I represent the plaintiff in the plaintiff and providing a status report to the Court.  I am responding to the Court order of October 5, 2011 to set forth essentially when and how I intend to file a motion for class certification.

I would initially serve a subpoena on the defendant for information concerning its policies for leaving of messages for consumers, the class list of those debtors the defendant's collectors attempted to contact and the net worth of the defendant.  I believe that if the defendant were to candidly respond to the subpoena, there could be a sufficient basis to move for class certification.

I do want to bring to the Court's attention in a serious fashion my recollections of a thought provoking and fascinating appearance that I had before Judge Cogan.  (I append hereto the docket sheet which memorializes my having appearing for what I believe was 45 minutes before Judge Cogan without anyone appearing for the defendant on July 30, 2010 in the matter of Fahme v. Apollo, 10 CV 1856 (BMC).  During that said conference, Judge Cogan was troubled by my having previously proposed to serve a subpoena in my July 26, 2010 letter to him as docket number 7.  He rejected that proposal and directed me to appear to orally move for class certification.  At the said conference on July 30, 2010, he did not have me orally move for class certification, but indicated that he was troubled by the fact that a defendant could be rewarded by defaulting and frustrating the plaintiff's ability to obtain information to satisfy the various requirements of Rule 23.  He recognized that the Court must undertake a rigorous analysis of the requirements before granting class certification, and directed me to use whatever means I had to research public information in order to move for class certification.  Judge Cogan gave me eleven days.  As the docket sheet reflects I moved for class certification on August 9, 2010.  Thereafter the parties resolved the matter as finally defense counsel appeared in the

matter.

I bring this information to the Court's attention because I think that Judge Cogan rightfully raised a legitimate concern as to how potential class counsel should proceed in this context. If the Court were to have me begin the process by serving a subpoena and potentially making a motion to enforce the subpoena, I would request 120 days. If the Court were to consider an alternative means, I am prepared to appear for an in person conference, a telephone conference or act upon an alternative order from the Court. I would just respectfully request that the Court consider that I am in the midst of various holidays and that I be afforded until early November to appear or serve a subpoena.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein